IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| LANNETTE M. FRIER and | ) |
| JASON R. STANFORD, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) No. 25-cv-2855-TLP-tmp |
|  | ) |
| COVINGTON POLICE DEPARTMENT, | ) |
| CITY OF COVINGTON, OFFICER | ) |
| JOSEPH WOODARD, PRINCESS | ) |
| WOODARD, SERGEANT JAMI HUNT, | ) |
| BARRINGTON STANFORD, and | ) |
| MICHELLE KITSON, | ) |
|  | ) |
| Defendants. | ) |

_____

**ORDER DENYING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE**
_____

Before the court is Plaintiff Jason Stanford's Motion to Take Judicial Notice of the September 15, 2025 Final Order.[1] (ECF No. 14.) In this motion, he "requests that this Court take judicial notice of the Final Order signed September 15, 2025 in Case No. GG2717, along with the undisputed facts surrounding its issuance[,]" which he alleges "prove that no authentic order existed on September 5, 2025, the date when . . . Lannette M. Frier, was arrested at the Covington Police Department exchange,

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the undersigned United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

and that any contrary representation amounts to felony forgery." (Id. at PageID 107.) He further asks the court to "[t]ake judicial notice that Plaintiff filed a Notice of Appeal on September 2, 2025, and an Appellate Brief on September 10, 2025[,]" "that the Final Order was not entered until September 15, 2025, and that no valid or enforceable order existed on September 5, 2025[]," "that any document relied upon at the September 5, 2025 Covington Police Department exchange purporting to be a custody order was inauthentic and forged[,]" "that the arrest of Lannette Frier on September 5, 2025, was predicated on a non-existent order, rendering it unconstitutional under the Fourth and Fourteenth Amendments[,]" and "[d]eclare that the purported 'findings' in paragraphs 2-7 of the September 15, 2025 order are not true findings of fact but conclusory statements lacking evidentiary foundation and therefore of no appealable value[.]"

Federal Rule of Evidence 201 permits the court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Although "[t]he court may take judicial notice at any stage of the proceeding[,]" the facts to be noticed must be relevant at that stage. Fed. R. Evid. 201(d). At the current stage in the proceedings, service of process has not

been effected, nor is there an answer from any defendant. Thus, the motion is premature. Further, while the court may take judicial notice of a court order, most of what the Plaintiff seeks judicial notice of is clearly outside the purview of Rule 201.

Based on the above, the Plaintiff's Motion to Take Judicial Notice of the September 15, 2025 Final Order is DENIED.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

December 8, 2025
Date