IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

───────────────────────────────────────────────

LANNETTE M. FRIER and          )
JASON R. STANFORD,             )
                               )
    Plaintiffs,                )
                               )
v.                             )     No. 25-cv-2855-TLP-tmp
                               )
COVINGTON POLICE DEPARTMENT,   )
CITY OF COVINGTON, OFFICER     )
JOSEPH WOODARD, PRINCESS       )
WOODARD, SERGEANT JAMI HUNT,   )
BARRINGTON STANFORD, and       )
MICHELLE KITSON,               )
                               )
    Defendants.                )

───────────────────────────────────────────────

### ORDER DENYING PLAINTIFF'S RULE 5.1 MOTION

───────────────────────────────────────────────

Before the court is Plaintiff Jason Stanford's Motion for Rule 5.1 Notice of Constitutional Challenge and Motion for Declaratory and Injunctive Relief.[1] (ECF No. 15.) Plaintiffs Stanford and Frier initially filed their complaint on September 8, 2025. (ECF No. 2.) Because both Stanford and Frier applied *in forma pauperis*, the undersigned was required to screen their complaint pursuant to 28 U.S.C. § 1915(e)(2). On November 3, 2025, the undersigned entered a report and recommendation recommending that

─────────────────

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the undersigned United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

the presiding district judge dismiss the complaint against all defendants except Sergeant Jami Hunt and Officer Joseph Woodard in their individual capacities. (ECF No. 18.) The undersigned recommended that all of Plaintiff Stanford's claims be dismissed. (Id.)

In the present motion, pursuant to Federal Rule of Civil Procedure 5.1, Plaintiff Stanford seeks "to notify the Court and the Attorney General of Tennessee that they challenge the constitutionality of Tennessee statutes and procedures as applied in connection with (1) the unlawful arrest of Plaintiff Frier on September 5, 2025, and (2) the ongoing deprivation of Plaintiff Stanford's fundamental right to familial association with his granddaughter, Lauryn." (Id. at PageID 166.) Stanford states that he "challenge[s] the constitutionality of Tennessee's statutory scheme, including Tenn. Code Ann. §§ 55-10-401 et seq. (DUI statutes) and Tenn. Code Ann. §§ 37-1-101 et seq. (juvenile custody enforcement), **as applied** in this case[.]" (Id. at PageID 168 (emphasis in original).) As such, he requests that the court "[a]ccept [his] filing as formal notice under Fed. R. Civ. P. 5.1[,]" "[n]otify the Attorney General of Tennessee of Plaintiffs' constitutional challenge[,]" "[d]eclare that Tennessee's statutory scheme, as applied to Plaintiffs, is unconstitutional under the Fourteenth Amendment[,]" "[d]eclare that the September 5, 2025 arrest was void ab initio for lack of probable cause and reliance

- 2 -

on a forged order[,]" "[e]njoin Defendants from pursuing or prosecuting any charges arising out of the September 5 arrest[,]" and "[d]eclare that the arrest was part of a broader scheme to interfere with Plaintiffs' rights and Plaintiff Stanford's familial association with Lauryn." (Id. at PageID 169-70.)

Federal Rule of Civil Procedure 5.1 requires that when a "party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute[,]" they "must promptly: (1) file a notice of constitutional question stating the question and identifying the paper that raises it, if: . . . (B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity[.]" Fed. R. Civ. P. 5.1(a)(1). It further requires the party to "serve the notice and paper . . . on the state attorney general if a state statute is questioned—either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose." Fed. R. Civ. P. at 5.1(a)(2). "The court must, under 28 U.S.C. §2403, certify to the appropriate attorney general that a statute has been questioned." Fed. R. Civ. P. at 5.1(b).

In this case, the constitutional challenge that Plaintiff Stanford seeks to bring was not alleged in the September 8, 2025 complaint. Because of this, the report and recommendation was not

- 3 -

required to address it. Moreover, to the extent that the complaint attempted to raise this challenge, the report and recommendation recommended that all of Stanford's claims be dismissed. Finally, Plaintiff's requests exceed the purview of Rule 5.1, The Rule is not a vehicle for the court to, for example, declare a statute unconstitutional or enjoin the defendants from pursuing prosecution of a plaintiff. Therefore, the Plaintiff's Motion for Rule 5.1 Notice of Constitutional Challenge and Motion for Declaratory and Injunctive Relief is DENIED.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

December 8, 2025
Date